**CONFEDERATED SALISH; Kootenai Tribes of the Flathead Reservation, Plaintiffs–Appellees,**

v.

**Mark SIMONICH,\* Defendant–Appellant.**

No. 93–35103.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 1994.

Decided July 15, 1994.

\* Mark Simonich is substituted for his predecessor, Karen Barclay Fagg, as Director of Montana's Department of Natural Resources and Conservation. Fed.R.App.P. 43(c)(1).

Harley R. Harris, Asst. Atty. Gen., Donald D. MacIntyre and Tim D. Hall, Sp. Asst. Attys. Gen., Montana Dept. of Natural Resources and Conservation, Helena, MT, for defendant-appellant.

John Carter, Tribal Legal Dept., Pablo, MT, and James Goetz, Goetz, Madden & Dunn, Bozeman, MT, for plaintiffs-appellees.

Before: HUG, HALL and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Confederated Salish and Kootenai Tribes of the Flathead Reservation (Tribes) filed a complaint in the United States District Court for the District of Montana challenging Montana's right to regulate the use of water on the Flathead Reservation. Contemporaneous with this filing, the Tribes filed motions requesting the district court to (1) stay the federal proceedings pursuant to *Railroad Comm'n of Texas v. Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), and (2) reserve their right to litigate their federal claims in federal court pursuant to *England v. Louisiana State Bd. of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), pending resolution of a related state court action filed by the Tribes later that day. The defendants, the Director of Montana's Department of Natural Resources and Conservation (DNRC), and Frank Pope, Kenneth Ciotti, Jorrie Ciotti, Patricia Starner, and John Starner, non-Indian applicants for water use permits, responded by moving the district court to abstain under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and dismiss the federal action.

The district court denied the defendants' motion to abstain and dismiss under *Younger*. It granted the Tribes' motions to stay the federal proceedings under *Pullman* and reserve the federal issues under *England*. The defendants appeal these three interlocutory orders.

We lack jurisdiction to hear the appeal of the order denying the motion to abstain under *Younger*, and we decline to issue a writ of mandamus. We also lack jurisdiction to hear the appeal of the order granting the Tribes' motion to reserve their federal claims under *England*. We have jurisdiction, however, to hear the appeal of the order staying federal proceedings under *Pullman*, and we affirm that order.

## FACTS

The Montana Water Use Act, 1973 Mont. Laws, ch. 452 (codified at Mont.Code Ann. Tit. 85, ch. 2 (1991)), provides that, after July 1, 1973, "a person may not appropriate water ... except by applying for and receiving a permit from [the Montana DNRC]." Mont. Code Ann. § 85-2-302(1) (1991). Additionally, "[a]n appropriator may not make a change in an appropriation right except as permitted [by the Water Use Act] and with the approval of [the DNRC]." Mont.Code Ann. § 85-2-402(1) (1991). The Water Use Act also establishes an administrative procedure by which the DNRC is to consider such applications. A person adversely affected by the proposed appropriation or change may enter an objection, which then is resolved in an administrative hearing. Mont.Code Ann. § 85-2-309 (1991). Final DNRC orders are subject to review in the state trial court, Mont.Code Ann. §§ 2-4-701 through 711 (1991), and to appeal to the Montana Supreme Court. Mont.R.App.P. 1(b)(1).

In 1984, defendant Pope, a non-Tribal member owning land in fee on the Flathead Indian Reservation, filed an application for a permit to change the point of diversion and place of use of a portion of his water right. In 1986, defendants Kenneth Ciotti, Jorrie Ciotti, Patricia Starner, and John Starner, also non-Tribal members owning land in fee on the Flathead Reservation, filed applications with the DNRC seeking permits for new water rights from sources on the Reservation. Following notice of each of these applications, the Tribes filed objections and requested the applications be denied in their entirety. The Tribes contended the state lacked jurisdiction to administer new water

uses on the Flathead Reservation prior to the quantification of federal and Tribal reserved water rights.

This jurisdictional question was bifurcated and certified to the then-director of the DNRC, Karen Barclay Fagg (Fagg), who issued an order April 30, 1990 concluding that

> Montana has regulatory jurisdiction over water in excess of that needed for federal reserved rights. Given the State's strong interest in comprehensive water regulation, Montana's jurisdiction over surplus water extends to fee land on the Reservation. Tribal or federal water rights, although not yet adjudicated, are adequately protected by the DNRC permit process.

Following remand of the cases, the hearing examiner issued a "Proposal for Decision." Again, the Tribes objected and raised their jurisdictional argument. After a hearing, Fagg issued DNRC's "Final Order on Jurisdiction" on April 14, 1992 affirming the April 30, 1990 order.

The Tribes then filed their complaint in this action. In this complaint they presented only federal claims. They asked the district court to (1) determine that, under federal law, the DNRC lacked jurisdiction to apply Montana law to regulate new or existing uses of water on the Flathead Reservation, and (2) enjoin the DNRC from granting new use or modification permits on Tribal lands. They also moved, under the *Pullman* abstention doctrine, for an order staying the federal proceeding until the state court proceedings were completed. In addition, they sought, under the *England* reservation doctrine, an order permitting them to return to federal court to litigate their federal claims after they concluded their litigation in state court.

Immediately after filing their complaint and motions in the United States District Court, the Tribes filed a "Petition for Judicial Review of a Final Agency Order" in the District Court for the First Judicial District of the State of Montana. In this state court action, the Tribes raised only issues of state law challenging the jurisdiction of the DNRC. They also informed the state court of their intention to reserve federal issues for determination by the federal court pursuant to *England*.

The defendants then moved in federal court to dismiss the federal action on the ground that the district court should abstain under *Younger*. The district court denied this motion. It concluded that at the time the federal complaint was filed there was "no ongoing action in state court," and therefore abstention under *Younger* was improper. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982). The district court granted the Tribes' motions to stay the federal proceedings under *Pullman*, and to reserve the Tribes' federal claims under *England*. The present DNRC director, Mark Simonich, appeals.

We consider the question of our appellate jurisdiction as it pertains to each of the district court's three interlocutory orders.

## A. Order Denying the Defendants' *Younger* Abstention Motion

### 1. 28 U.S.C. § 1291

■ "The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States...." 28 U.S.C. § 1291 (1991). A district court's decision is appealable under § 1291 only when the decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275, 108 S.Ct. 1133, 1136, 99 L.Ed.2d 296 (1988) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). When *Younger* abstention is applicable, the district court "must dismiss the action." *Partington v. Gedan*, 880 F.2d 116, 120 (9th Cir.1989) (internal quotation omitted), *rev'd and vacated in part on other grounds*, 923 F.2d 686 (9th Cir.1991).

■ A district court order abstaining under *Younger* and dismissing the case ends the litigation. It is a final appealable order. *Id.* In contrast, the district court's order in the present case that it will *not* abstain under *Younger* and dismiss the case is not a final decision foreclosing further proceedings.

1402

Rather, it "ensures that litigation will continue in the District Court." *Gulfstream,* 485 U.S. at 275, 108 S.Ct. at 1136. Simonich argues that although the district court's order is not a final order, it is nevertheless immediately appealable under the collateral-order exception to § 1291 set forth in *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

In *Cohen,* the Court recognized a "small class" of decisions appealable under § 1291 although not terminating the underlying action. *Id.* at 546, 69 S.Ct. at 1226–27. Pursuant to *Cohen,* we have jurisdiction to hear an appeal of a district court's interlocutory order if the order (1) "conclusively determine[s] the disputed question"; (2) "resolve[s] an important issue completely separate from the merits of the action"; and (3) is "effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) (footnote omitted).

In *Gulfstream,* the Supreme Court applied the first prong of the *Cohen* test and held a district court's refusal to stay or dismiss federal proceedings, pursuant to the abstention doctrine established in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), is not an immediately appealable order. *Gulfstream,* 485 U.S. at 278, 108 S.Ct. at 1137. The Court noted that while an order *granting* a *Colorado River* stay " 'necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case' ... an order *denying* a motion to stay or dismiss an action pursuant to *Colorado River* ... leads to a different result." *Gulfstream,* 485 U.S. at 277–78, 108 S.Ct. at 1137 (quoting *Moses H. Cone Memorial Hosp. v. Mercury Const. Co.,* 460 U.S. 1, 18, 103 S.Ct. 927, 938, 74 L.Ed.2d 765 (1983)) (emphasis added). When a district court denies a motion to stay or dismiss under *Colorado River,* it

does not "necessarily contemplate" that the decision will close the matter for all time. In denying such a motion, the district court may well have determined only that it should await further developments before concluding that the balance of fac-

tors to be considered under *Colorado River* ... warrants a dismissal or stay.... Thus, whereas the granting of a *Colorado River* motion necessarily implies an expectation that the state court will resolve the dispute, the denial of such a motion may indicate nothing more than that the district court is not completely confident of the propriety of a stay or dismissal at that time.

*Gulfstream,* 485 U.S. at 278, 108 S.Ct. at 1137.

The factors a district court considers in adjudicating a motion to abstain under *Younger* differ substantially from those a court considers in adjudicating a motion to stay proceedings in federal court under *Colorado River.* In deciding whether to grant a stay request under *Colorado River,* a district court considers, among other factors that may be relevant, the relative comprehensiveness, convenience and progress of the state court and federal court actions. *See, e.g., Arizona v. San Carlos Apache Tribe,* 463 U.S. 545, 569–70, 103 S.Ct. 3201, 3214–15, 77 L.Ed.2d 837 (1983). By applying the *Colorado River* factors, a district court that refuses to stay proceedings in federal court can monitor the development of the state and federal court proceedings. In so doing, its perspective of refusing to grant a *Colorado River* stay may change over time. *See Gulfstream,* 485 U.S. at 278, 108 S.Ct. at 1137.

Deciding whether to abstain under *Younger* involves different factors. In making this determination, a district court considers whether there is an ongoing state judicial proceeding, whether the state proceeding implicates important state interests, and whether there is an adequate opportunity in the state proceeding to raise federal constitutional challenges. *See Middlesex,* 457 U.S. at 432, 102 S.Ct. at 2521. In the *Younger* context, these factors are static. A district court's perception of the appropriateness of abstaining will not be affected by the progress of the state court proceeding. *See Gibson v. Berryhill,* 411 U.S. 564, 577 & n. 15, 93 S.Ct. 1689, 1697, 36 L.Ed.2d 488 (1973) ("*Younger v. Harris* contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and

federal, to the state courts."). When abstention under *Younger* is appropriate,

> a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires dismissal of the federal action.

*Beltran v. State of California,* 871 F.2d 777, 782 (9th Cir.1988).

Here, the district court refused to abstain under *Younger*. This was a conclusive determination of the particular issue in dispute—whether to abstain under *Younger*. The first prong of the *Cohen* collateral-order test is satisfied. *See Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 376–77, 101 S.Ct. 669, 674–75, 66 L.Ed.2d 571 (1981); *Lutz v. Secretary of the Air Force,* 944 F.2d 1477, 1481 (9th Cir.1991) (regarding the conclusive nature of factual and legal determinations).

The second prong of *Cohen's* collateral-order test is also satisfied: the question of *Younger* abstention "plainly presents an important issue separate from the merits." *Moses H. Cone,* 460 U.S. at 12, 103 S.Ct. at 935 (discussing the second prong in a *Colorado River* decision).

The third prong of *Cohen,* however, is not satisfied. "Only in the limited class of cases where denial of immediate review would render impossible any review whatsoever of an individual's claims" has the Court found an interlocutory order appealable. *United States v. Ryan,* 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971). *See also, Firestone,* 449 U.S. at 377–78, 101 S.Ct. at 675–76; *United States v. MacDonald,* 435 U.S. 850, 860, 98 S.Ct. 1547, 1552–53, 56 L.Ed.2d 18 (1978) (jurisdiction to hear an interlocutory appeal appropriate only where the "legal and practical value of [an asserted right] would be destroyed if it were not vindicated before trial"). The Court has permitted interlocutory appeals prior to criminal trials where a defendant claims a violation to his constitutional right to bail, *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951), or that he will be subjected to double jeopardy. *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). The Court has not, however, permitted interlocutory appeals of pretrial discovery orders, *Ryan,* 402 U.S. 530, 91 S.Ct. 1580, rulings on attorney conflict of interest, *MacDonald,* 435 U.S. 850, 98 S.Ct. 1547, or orders involving class certification. *Coopers & Lybrand,* 437 U.S. at 469, 98 S.Ct. at 2458.

Simonich argues that if review of the district court's refusal to abstain under *Younger* is "left to the end of this litigation, the interference—a federal trial and decision on the underlying merits—will have already occurred [before federal appellate review is possible] and the issue will effectively be moot." We reject this argument.

On appeal from a final judgment, a court of appeals can review a district court's refusal to abstain under *Younger,* without implicating the mootness doctrine, even though the district court has decided the merits of the case and all state proceedings have been completed. *See, e.g., Beltran,* 871 F.2d at 782–83; *Kitchens v. Bowen,* 825 F.2d 1337, 1341 (9th Cir.1987), *cert. denied,* 485 U.S. 934, 108 S.Ct. 1109, 99 L.Ed.2d 270 (1988). Thus, Simonich's *Younger* claim will not be lost if the district court renders a final decision on the Tribes' federal claims.[1] Because Simonich's *Younger* claim can be reviewed adequately on appeal from a final judgment, the third prong of the *Cohen* collateral order test is not satisfied.

We conclude we lack jurisdiction under § 1291, and under the *Cohen* exception, to hear Simonich's appeal of the district court's interlocutory order denying *Younger* abstention.

---

1. Nor is there any apparent hardship to Simonich if we review the *Younger* issue on appeal from the district court's final judgment on the merits. *See Beltran,* 871 F.2d at 782–83. *Cf. Abney,* 431 U.S. 651, 97 S.Ct. 2034; *Stack,* 342 U.S. 1, 72 S.Ct. 1. There also is no harm to comity or federalism, the policies underlying *Younger* abstention. *Fresh Int'l Corp. v. Agricultural Labor Relations Bd.,* 805 F.2d 1353, 1356 (9th Cir.1986). Because the district court stayed federal proceedings pursuant to *Pullman,* and reserved resolution of the Tribes' federal claims pursuant to *England,* there will be no federal interference with pending state proceedings. Moreover, in this case, if the Tribes win in state court on their state law claims, their federal claims will become moot.

**1404**

## 2. 28 U.S.C. § 1292(a)(1)

■ Simonich argues the district court's order denying his *Younger* motion is appealable under 28 U.S.C. § 1292(a)(1). We have jurisdiction under § 1292(a)(1) to hear appeals from district court orders "that have the practical effect of granting ... injunctions and have 'serious, perhaps irreparable, consequence[s].'" *Gulfstream,* 485 U.S. at 287–88, 108 S.Ct. at 1143 (quoting *Carson v. American Brands, Inc.,* 450 U.S. 79, 84, 101 S.Ct. 993, 996–97, 67 L.Ed.2d 59 (1981)).

Simonich does not explain, and we do not perceive, how the district court's refusal to abstain under *Younger* has the effect of an injunction. *Cf. Reynaga v. Cammisa,* 971 F.2d 414, 416–17 (9th Cir.1992). Moreover, Simonich has not shown any serious harm or irreparable consequences by our refusal to entertain his appeal at this time. *Federal Land Bank v. L.R. Ranch Co.,* 926 F.2d 859, 864 (9th Cir.1991).

## 3. 28 U.S.C. § 1651

■ Simonich's fallback position is that even if we lack jurisdiction to entertain his appeal of the district court's order refusing to abstain under *Younger,* we should issue a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651 (1991),[2] and compel the district court to abstain.

The writ of mandamus is an extraordinary remedy. *Valenzuela–Gonzalez v. United States Dist. Court,* 915 F.2d 1276, 1278 (9th Cir.1990). Only "exceptional circumstances amounting to a judicial usurpation of power will justify the issuance of the writ." *Gulfstream,* 485 U.S. at 289, 108 S.Ct. at 1143 (internal quotations omitted). To issue the writ, we must be "firmly convinced that the district court has erred." *Valenzuela–Gonzalez,* 915 F.2d at 1279 (internal quotation omitted). Additionally, the party seeking mandamus must establish that its right to issuance of the writ is "'clear and indisputable.'" *Gulfstream,* 485 U.S. at 289, 108 S.Ct.

at 1143 (quoting *Bankers Life & Casualty Co. v. Holland,* 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953)).

■ In *Bauman v. United States Dist. Court,* 557 F.2d 650 (9th Cir.1977), we adopted five "objective principles," *United States v. Harper,* 729 F.2d 1216, 1221 (9th Cir.1984), to guide our determination of whether to issue a writ of mandamus. We consider whether

(1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires.

(2) The petitioner will be damaged or prejudiced in a way not correctable on appeal.

(3) The district court's order is clearly erroneous as a matter of law.

(4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules.

(5) The district court's order raises new and important problems, or issues of law of first impression.

*Bauman,* 557 F.2d at 654–55.

In analyzing these principles—which are sometimes referred to as "the *Bauman* factors"—no single factor is determinative and all five need not be satisfied. *Valenzuela–Gonzalez,* 915 F.2d at 1279. In fact, the five factors "'are not meant to supplant reasoned and independent analysis by appellate courts'.... Rather, they 'serve only as a useful starting point, an analytic framework for determinations regarding the propriety of mandamus relief.'" *Harper,* 729 F.2d at 1222 (quoting *In re Cement Antitrust Litigation,* 688 F.2d 1297, 1301 (9th Cir.1982), *aff'd sub nom. Arizona v. United States Dist. Court,* 459 U.S. 1191, 103 S.Ct. 1173, 75 L.Ed.2d 425 (1983)). *See also Star Editorial, Inc. v. United States Dist. Court,* 7 F.3d 856, 859 (9th Cir.1993).

Here, the first two *Bauman* factors are not applicable. Simonich has an adequate means to obtain the relief he desires by

---

**2.** 28 U.S.C. § 1651 provides:

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

(b) An alternative writ or rule nici may be issued by a justice or judge of a court which has jurisdiction.

direct appeal, and he will not be damaged or prejudiced in a way not correctable on appeal.

With regard to the fourth and fifth factors, there is no showing that courts frequently err in applying the *Younger* doctrine, and although the issue raised by the district court's order—whether *Younger* is applicable in the present circumstances—is one of first impression, it is a fact-specific inquiry with limited application beyond this case. *Cf. Harper*, 729 F.2d at 1222.

The third factor is more troubling. We recently stated: "[I]t is clear that the third factor, the existence of clear error as a matter of law, is dispositive." *Executive Software N. Am., Inc. v. United States Dist. Court*, 24 F.3d 1545, 1551 (9th Cir.1994). Having made this statement, we went on to examine whether the other factors in the mandamus calculus indicate that the writ should issue to correct the district court's errors. *Id. See also Admiral Ins. Co. v. United States Dist. Court*, 881 F.2d 1486, 1491 (9th Cir.1989) (examining all of the factors although the district court clearly erred).

In *Survival Systems of the Whittaker Corp. v. United States Dist. Court*, 825 F.2d 1416 (9th Cir.1987), *cert. denied*, 484 U.S. 1042, 108 S.Ct. 774, 98 L.Ed.2d 861 (1988), we stated: "Although several indicators are specified for consideration in *Bauman*, one factor is determinative in this case. When the district court's order is correct as a matter of law, it is obvious that the writ of mandamus should not be issued." *Id.* at 1418.

In the present case, whether the district court's ruling is "correct" as a matter of law is a question that can be resolved on appeal from a final judgment. Suffice it to say at this juncture in the proceedings we are not persuaded the district court clearly erred in refusing to abstain under *Younger.*

■ *Younger* abstention is proper where (1) there are ongoing state judicial proceedings, (2) that implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions. *Middlesex*, 457 U.S. at 432, 102 S.Ct. at 2521.

■ Contrary to the district court's conclusion, there was an ongoing state judicial proceeding. Although the state complaint was filed after the federal complaint, no proceedings of any substance had occurred in the federal action before the Tribes filed their state complaint. *See Hicks v. Miranda*, 422 U.S. 332, 348–50, 95 S.Ct. 2281, 2291–92, 45 L.Ed.2d 223 (1975) (no substantial proceedings where criminal charges filed after the filing of the federal complaint, but before any federal hearings); *Polykoff v. Collins*, 816 F.2d 1326, 1332 (9th Cir.1987) ("Whether the state proceedings are 'pending' is not determined by comparing the commencement dates of the federal and state proceedings. Rather, abstention under *Younger* may be required if the state proceedings have been initiated 'before any proceedings of substance on the merits have taken place in the federal court.'") (quoting *Hicks*, 422 U.S. at 349, 95 S.Ct. at 2292). The first prong of the *Younger* abstention doctrine is satisfied.

With regard to the second and third prongs, the ongoing judicial proceeding in Montana state court implicates important state interests, *see United States v. Anderson*, 736 F.2d 1358 (9th Cir.1984), and there will be an adequate opportunity in that proceeding to raise federal questions. *See* Mont.Code Ann. § 2–4–704(2) (1991).

At first blush, it would seem the district court should have abstained under *Younger.* However, here, the ongoing state proceeding is a civil action. Civil–*Younger* abstention has been upheld only where a party seeks to invoke federal jurisdiction for the purpose of "restraining state proceedings or invalidating a state law." *United States v. Adair*, 723 F.2d 1394, 1402 n. 5 (9th Cir.1983), *cert. denied sub nom. Oregon v. United States*, 467 U.S. 1252, 104 S.Ct. 3536, 82 L.Ed.2d 841 (1984) (considering whether a federal district court had jurisdiction over the declaration of Indian water rights on a reservation). *See, e.g., Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987); *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977); *Huffman v. Pursue,*

*Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Mobil Oil Corp. v. City of Long Beach,* 772 F.2d 534, 542 (9th Cir.1985).

We are unaware of any decision upholding civil-*Younger* abstention where the plaintiffs sought relief similar to that sought here. The Tribes do not seek by their federal court action to restrain any ongoing state proceeding. Although they assert the Montana Water Use Act cannot be used to regulate their water rights, they do not argue the Act is facially unconstitutional or invalid. Rather, they contend they are constitutionally exempt from the Act's provisions. Whether *Younger* abstention is appropriate in these circumstances is unclear. *But see Fresh Int'l Corp. v. Agricultural Labor Relations Bd.,* 805 F.2d 1353, 1356 (9th Cir.1986) (abstention is warranted whenever there exists an important state interest).

In sum, the first two *Bauman* factors are not applicable, facts to support the fourth and fifth factors do not exist, and our consideration of the third factor leaves us unconvinced the district court's order refusing to abstain under *Younger* was clearly erroneous as a matter of law.

We conclude Simonich's right to issuance of a writ of mandamus is not clear and indisputable, and we decline to issue the writ.

B. Order Granting the Tribes' *England* Reservation Motion

▮▮▮▮ When *England* reservation is granted, a party left to litigate claims in state court under *Pullman* may return to federal court to litigate his or her federal claims. *England,* 375 U.S. 411 at 421–22, 84 S.Ct. 461 at 467–68; *Wicker v. Board of Educ.,* 826 F.2d 442, 443 (6th Cir.1987). Such an order does not end the litigation on the merits. *Gulfstream,* 485 U.S. at 275, 108 S.Ct. at 1136. Rather, the federal court awaits the completion of the state court litigation, and then, if necessary, decides the federal claims in light of the state court's rulings. The order is not a final judgment immediately appealable under 28 U.S.C. § 1291. *See Goldberg v. Carey,* 601 F.2d 653, 656 (2nd

Cir.1979) (holding the denial of an *England* reservation motion is not a final decision under § 1291).[3]

▮▮▮ As we stated previously, however, we have jurisdiction under 28 U.S.C. § 1292(a)(1) to hear an appeal of a district court order that has the practical effect of granting an injunction and creates harmful consequences. *Gulfstream,* 485 U.S. at 287–88, 108 S.Ct. at 1142–43. Simonich argues the district court's order granting the Tribes' motion to reserve the federal issues under *England* has the practical effect of an injunction. He contends that, under *England,* the federal court will not accord *res judicata* effect to any state court determination of federal claims, and this effectively enjoins the state court from considering the federal claims conditionally put before it. We reject this argument.

The state court is not enjoined from hearing and deciding the federal claims. The *England* reservation order simply reserves to the federal court jurisdiction to decide the federal claims. It gives the Tribes the option of presenting all their claims to the state court or waiting and presenting their federal claims to the federal court after the state litigation ends. *See Lurie v. California,* 633 F.2d 786, 788–89 (9th Cir.1980), *cert. denied,* 451 U.S. 987, 101 S.Ct. 2321, 68 L.Ed.2d 844 (1981).

We conclude the district court's *England* reservation order does not have the practical effect of an injunction. Thus, we have no jurisdiction under 28 U.S.C. § 1292(a)(1) to entertain Simonich's appeal of that order. *Cf. Goldberg,* 601 F.2d at 658 ("when a temporary injunction has been sought and a stay has been granted to permit a state court to determine pertinent issues under *England,* the order operates as a denial of a temporary injunction and is thus appealable under § 1292(a)(1)"). *See also Agcaoili v. Gustafson,* 844 F.2d 620, 623 (9th Cir.1988) (finding jurisdiction where "the stay [was] part and parcel of the district court's order denying [a summary judgment motion for] injunctive re-

---

**3.** Simonich does not argue the collateral-order exception is applicable to the district court's or-

der granting the Tribes' *England* motion.

lief"), *withdrawn on other grounds,* 870 F.2d 462 (9th Cir.1989).

**C. Order Granting the Tribes' Motion for a Stay under *Pullman***

■ We have jurisdiction under 28 U.S.C. §§ 1291 and 1292(a)(1) to hear an interlocutory appeal of a district court's order granting a stay pursuant to the *Pullman* abstention doctrine. *Moses H. Cone,* 460 U.S. at 9 & n. 8, 103 S.Ct. at 933 & n. 8; *Idlewild Bon Voyage Liquor Corp. v. Epstein,* 370 U.S. 713, 715 n. 2, 82 S.Ct. 1294, 1296 n. 2, 8 L.Ed.2d 794 (1962); *Moses v. Kinnear,* 490 F.2d 21, 24 (9th Cir.1974). We review for abuse of discretion. *Partington,* 880 F.2d at 120; *C–Y Dev. Co. v. City of Redlands,* 703 F.2d 375, 377 (9th Cir.1983).

■ *Pullman* abstention is appropriate when (1) the case touches on a sensitive area of social policy upon which the federal courts ought not enter unless no alternative to its adjudication is open, (2) constitutional adjudication plainly can be avoided if a definite ruling on the state issue would terminate the controversy, and (3) the possible determinative issue of state law is uncertain. *Cinema Arts, Inc. v. County of Clark,* 722 F.2d 579, 580 (9th Cir.1983); *Canton v. Spokane Sch. Dist.,* 498 F.2d 840, 845 (9th Cir.1974).

■ Applying this test to determine whether a stay should be granted under *Pullman,* the district court found,

> the issues raised by the Tribes involving water use touch upon sensitive areas of social policy. The jurisdictional questions arise under both state and federal law, and resolution of the state law questions could obviate the need to address the federal constitutional issues.... Finally, the court finds that the particular statutes at issue have not been interpreted in the context of the circumstances presented here and that the ultimate outcome concerning their interpretation is in doubt.

We agree with these findings. The issue of Montana's regulation of water usage touches upon important state issues. In their state complaint, the Tribes assert state jurisdictional arguments potentially dispositive of the federal issues, and whether the Tribes can win on their state law claims is uncertain. *See Hawaii Hous. Auth. v. Midkiff,* 467 U.S. 229, 236, 104 S.Ct. 2321, 2326–27, 81 L.Ed.2d 186 (1984).

Simonich makes no argument with regard to the above-stated test. Nor does he cite any case interpreting the particular state statutes as applied to the present circumstances. *See Orr v. Orr,* 440 U.S. 268, 278 n. 8, 99 S.Ct. 1102, 1111 n. 8, 59 L.Ed.2d 306 (1979). Rather, he argues the district court should have abstained under *Younger,* and, therefore, should have dismissed the federal case entirely rather than grant a stay under *Pullman.*

We reject this argument. As we stated previously, we do not have jurisdiction to hear the appeal of the district court's order denying *Younger* abstention; and, in considering Simonich's petition for a writ of mandamus, we cannot say the district court clearly erred by refusing to abstain.

The district court did not abuse its discretion by granting the Tribes' motion for a stay under *Pullman.*

**CONCLUSION**

We dismiss for lack of jurisdiction Simonich's appeal of the district court's denial of *Younger* abstention, and of the district court's reservation of the Tribes' federal claims under *England.* We deny Simonich's petition for a writ of mandamus.

We have jurisdiction to hear Simonich's appeal of the district court's order granting the Tribes' motion under *Pullman* staying all federal proceedings until resolution of the related state case. We affirm that order.

Appeal DISMISSED in part and AFFIRMED in part. The appellees shall recover all of their costs on appeal.