108 F.3d 1385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kathryn L. MATHIS, Plaintiff-Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, Federal Deposit
Insurance Corporation, as Receiver for Commerce
Bank, Defendants-Appellees.
 No. 96-55167.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 14, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kathryn Mathis appeals pro se the district court's dismissal of her action against the Federal Deposit Insurance Corporation (FDIC) before service of process on the basis of the Younger v. Harris, 401 U.S. 37, 40-41 (1971), abstention doctrine. We interpret the district court's sua sponte dismissal of Mathis's in forma pauperis complaint before service of process as a dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). We have jurisdiction pursuant to 28 U.S.C. § 1291, and review the district court's application of the Younger abstention doctrine de novo. See Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir.1992). Because we conclude that the district court erred by applying Younger, we vacate the order and remand for service of process.
 
 
 3
 Younger abstention is appropriate if three criteria are met: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal questions. See Confederated Salish v. Simonich, 29 F.3d 1398, 1402 (9th Cir.1994). If these requirements are met, the district court must dismiss the action. Id. at 1401. In evaluating the application of Younger, "we adhere to the basic principle that abstention is an 'extraordinary and narrow exception' to a district court's role as adjudicator of a ripe controversy." Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir.1994) (quoting Bud Antle, Inc. v. Barbosa, 35 F.3d 1355, 1365 (9th Cir.1994)).
 
 
 4
 The district court erred by applying Younger because it appears from the complaint that Mathis did not have an adequate opportunity to litigate her claim against the FDIC regarding an alleged insured deposit under 12 U.S.C. § 1821(f) in her state court action. The complaint alleges that Mathis's state court action was filed against Commerce Bank for conversion of funds.[1] Mathis alleged that Commerce Bank improperly deposited a check made out to her into its own account without her consent. The complaint further alleges that the state court action was already on appeal "at the time FDIC took over." The question of whether Mathis had an insured deposit with the failed bank became an issue only after the FDIC became a party to the state court action. Thus, it appears Mathis had no opportunity to litigate her claim against the FDIC regarding an alleged insured deposit in the state court proceeding.
 
 
 5
 The district court's statement that Mathis's state and federal actions were "identical" is inaccurate. The state court action was filed against Commerce Bank alleging the common law tort of conversion, and Commerce Bank was later substituted by the FDIC in its receiver capacity when the bank failed. The federal action, by contrast, is against the FDIC in its corporate capacity, and concerns whether or not Mathis has an insured deposit under 12 U.S.C. § 1821(f). See FDIC v. Glickman, 450 F.2d 416, 418 (9th Cir.1971) (per curiam) (explaining the distinction between FDIC as receiver of failed bank and FDIC as insurer of deposits). The state and federal actions are not identical.
 
 
 6
 Because the district court erred by applying the Younger abstention doctrine, we vacate the order and remand for service of process.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court took judicial notice of Mathis's state court action. However, the record on appeal does not contain the documents of which the district court took notice