**Debbie OWEN, on behalf of others similarly situated, Plaintiff—Appellant,**

**Patricia R. Huntley, individually, on behalf of those persons similarly situated and as a member of the general public, Plaintiff—Appellee,**

**v.**

**LABOR READY INC, A Washington corporation, Defendant.**

No. 04–35192.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted July 12, 2005.

Decided Aug. 19, 2005.

R. Duane Westrup, Esq., Lawrence R. Cagney, Westrup, Klick & Associates, Long Beach, CA, Kenneth Fielding, Esq., Bonneville Viert, Kathleen Pierce, Morton & Goldrick, Tacoma, WA, Richard L. Bisetti, Esq., Peter T. Cathcart, Esq., Anne M. Huarte, Esq., Magana, Cathcart & McCarthy, Los Angeles, CA, for Plaintiff–Appellant.

David J. Vendler, Linda T. Pierce, Pamela A. Hill, Morris, Polich & Purdy, LLP, Los Angeles, CA, Allan A. Shenoi, Pierry & Moorhead, LLP, Wilmington, CA, Gregory John Murphy, Tacoma, WA, for Plaintiff–Appellee.

Sungeeta Jain, Perkins Coie, LLP, Seattle, WA, David R. Ongaro, Kyann C. Kalin, Perkins Coie, LLP, San Francisco, CA, for Defendant.

Before: HUG, PAEZ, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Debbie Owen brought a class action lawsuit in the Western District of Washington against her employer, Labor Ready, Inc., for failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). Two months later, Patricia Huntley, another Labor Ready employee, brought a similar action against Labor Ready in the same court. Simultaneously with the filing of her complaint, Huntley also filed a motion to consolidate her case with Owen's and to stay or dismiss the consolidated action pending the outcome of a concurrent California state court action against Labor Ready. The district court granted Huntley's motion to consolidate and stayed the consolidated action pursuant to the *Colorado River* and *Younger* doctrines. Owen appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's decision to consolidate; however, we hold that the district court abused its discretion in granting a stay under *Colorado River* and erred in concluding that a stay was required under *Younger*. Accordingly, we reverse and remand for further proceedings.[1]

### I.

Although a consolidation order ordinarily is not immediately reviewable, this court may exercise pendent appellate jurisdiction over an otherwise nonappealable rul-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we do not recount them here except as necessary to explain our disposition.

ing if the ruling is "inextricably intertwined" with a claim properly before the court, or if review of the nonappealable issue is "necessary to ensure meaningful review of" an issue properly raised. *Kwai Fun Wong v. United States,* 373 F.3d 952, 960 (9th Cir.2004) (quoting *Meredith v. Oregon,* 321 F.3d 807, 812–13 (9th Cir. 2003)). Here, the consolidation and stay orders are inextricably intertwined because the consolidation ruling provided the basis for granting Huntley's motion to stay Owen's case. *See Meredith,* 321 F.3d at 814. That is, this court could not uphold the stay of the consolidated action without also upholding the consolidation ruling. *See id.* Thus, we have jurisdiction to review the district court's consolidation ruling.

A district court's decision to consolidate two federal actions is reviewed for an abuse of discretion. *See Investors Research Co. v. U.S. Dist. Court for the Central Dist. of Cal.,* 877 F.2d 777, 777 (9th Cir.1989). Federal Rule of Civil Procedure 42(a) provides: "When actions involving a common question of law or fact are pending before the court, ... it may order all the actions consolidated."

■ Here, it is undisputed that Huntley's and Owen's actions involve common legal and/or factual questions. Nonetheless, Owen argues that consolidation was improper because Huntley's action was not pending at the time she filed her motion to consolidate. *See Pan Am. World Airways, Inc. v. U.S. Dist. Court for Central Dist. of Cal.,* 523 F.2d 1073, 1080 (9th Cir.1975) ("Rule 42(a) may be invoked only to consolidate actions already pending."). The record belies this assertion. Although Huntley's complaint was *served* after she filed her motion to consolidate, her complaint was *filed* on the same day as her motion to consolidate. Therefore, her action was pending at the time she moved

for consolidation. *See* Fed.R.Civ.P. 3 ("A civil action is commenced by *filing* a complaint with the court." (emphasis added)).

Owen also argues that consolidation was inappropriate because it resulted in unfair prejudice to Owen. *See Huene v. United States,* 743 F.2d 703, 704 (9th Cir.1984) (noting that a district court, in exercising its broad discretion to order consolidation, "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause"). However, here it was not the decision to consolidate that led to the delay and inconvenience to Owen; rather it was the decision to stay Owen's case after consolidation. Reviewed independently of the stay order, the district court's decision to consolidate Huntley's action with Owen's was not an abuse of discretion.

## II.

Owen argues that the district court abused its discretion in granting a stay under *Colorado River Water Conserv. Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). A stay order pursuant to *Colorado River* is an appealable final order. *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 8–13, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Travelers Indem. Co. v. Madonna,* 914 F.2d 1364, 1367 (9th Cir.1990). Although a decision to stay an action under *Colorado River* is reviewed for an abuse of discretion, "this abuse of discretion standard is stricter than the flexible abuse of discretion standard used in other areas of law." *Intel Corp. v. Advanced Micro Devices, Inc.,* 12 F.3d 908, 912 (9th Cir.1993). Because federal courts have a "virtually unflagging obligation" to exercise jurisdiction, *Colorado River,* 424 U.S. at 817, 96 S.Ct. 1236, "exceptional circumstances" must exist for a federal court to

surrender jurisdiction under *Colorado River. Moses H. Cone,* 460 U.S. at 15–16, 103 S.Ct. 927.

Under *Colorado River,* "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' " may justify a stay of a federal action pending the outcome of concurrent state court proceedings concerning the same matter. *Colorado River,* 424 U.S. at 817, 96 S.Ct. 1236 (alteration in original). The Court in *Colorado River* listed four factors a federal court may consider in determining whether to stay or dismiss an action pending the outcome of a concurrent state proceeding: (1) whether the state court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums. *Colorado River,* 424 U.S. at 818–19, 96 S.Ct. 1236. In *Moses H. Cone,* the Court added two other factors: (5) whether federal or state law provides the rule of decision on the merits; and (6) whether the state court proceedings are inadequate to protect the federal litigant's rights. 460 U.S. at 23, 26, 103 S.Ct. 927. This circuit has considered a seventh factor: the prevention of forum shopping. *See Travelers Indem.,* 914 F.2d at 1367–68.

■ "The factors relevant to a given case are subjected to a flexible balancing test, in which one factor may be accorded substantially more weight than another depending on the circumstances of the case, and 'with the balance heavily weighted in favor of exercising jurisdiction.' " *Holder v. Holder,* 305 F.3d 854, 870–71 (9th Cir. 2002) (quoting *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. 927). Here, none of the relevant factors weighs in favor of a stay. We therefore conclude that exceptional circumstances do not exist warranting the surrender of federal court jurisdiction, and the district court abused its discretion in granting a stay under *Colorado River.*

## III.

Finally, Owen argues that the district court erred in granting a stay under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). A *Younger* abstention order is appealable under § 1291. *See Confederated Salish v. Simonich,* 29 F.3d 1398, 1401 (9th Cir.1994). This court reviews *de novo* whether abstention is required under *Younger. Canatella v. California,* 404 F.3d 1106, 1109 (9th Cir.2005).

In *Younger,* the Supreme Court held that principles of equity and comity bar federal courts from enjoining pending state court criminal prosecutions. The Court has since extended *Younger* "beyond state criminal prosecutions, to civil enforcement proceedings, and even to civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *New Orleans Public Serv., Inc. v. Council of City of New Orleans,* 491 U.S. 350, 367–68, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) (citations omitted).

■ We have articulated the test for *Younger* abstention as follows:

> *If* a state-initiated proceeding is on-going, and *if* it implicates important state interests . . ., and *if* the federal litigant is not barred from litigating federal constitutional issues in that proceeding, *then* a federal court action that would enjoin the proceeding, or have the practical effect of doing so, would interfere in a way that *Younger* disapproves.

*Gilbertson v. Albright,* 381 F.3d 965, 978 (9th Cir.2004) (en banc). Here, if allowed to proceed, the federal action would not "have the same practical effect on the state proceeding as a formal injunction." *Id.*

Thus, it would not interfere with the state court action in a way that implicates *Younger*. Accordingly, the district court erred in concluding that a stay under *Younger* was warranted.

## IV.

In sum, we affirm the district court's decision to consolidate Huntley's action with Owen's. However, we hold that the district court abused its discretion in concluding that a stay was warranted under *Colorado River*, and that the district court erred in concluding that abstention was required under *Younger*. We therefore reverse and remand for further proceedings.

AFFIRMED in part; REVERSED in part; and REMANDED.