FILED

**NOT FOR PUBLICATION**

OCT 17 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANE ROE; JOHN DOE, | No. 10-15427 |
| Plaintiffs - Appellees, | D.C. No. 1:09-cv-00023 |
| v. | |
| NORTHERN MARIANA ISLANDS RETIREMENT FUND; NORTHERN MARIANA ISLANDS RETIREMENT FUND BOARD OF TRUSTEES; PEDRO Q. DELA CRUZ, in his official capacity as Northern Mariana Islands Retirement Fund ("Fund") Trustee and Fund Board Acting Chairman and/or Chairman; SIXTO K. IGISOMAR, in his official capacity as Fund Trustee; ADELINA C. ROBERTO, in her official capacity as Fund Trustee, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, Chief District Judge, Presiding

Argued and Submitted October 13, 2011
Honolulu, Hawaii

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: O'SCANNLAIN, TALLMAN, and M. SMITH, Circuit Judges.

The parties are familiar with the facts of the case and we do not repeat them here. Appellants appeal the district court's order denying Appellants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Generally, denial of a motion to dismiss is not an appealable final order under 28 U.S.C. § 1291. *Confederated Salish v. Simonich*, 29 F.3d 1398, 1401–02 (9th Cir. 2004). "A district court's decision is appealable under § 1291 only when the decision 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 1401 (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988)). A final decision is one that is "a full adjudication of the issues at bar, and clearly evinces the judge's intention that it be the court's final act in the matter." *In re Slimick*, 928 F.2d 304, 307 (9th Cir. 1990). The court's January 25, 2010 order did not evince the district judge's intention that it be the court's final act in the matter. To the contrary, the possibility of further action by the district court was apparent, given its concerns about the pace of post-judgment proceedings in the CNMI Superior Court.

Appellants further contend that the district court's issuance of a limited, 60-day stay pursuant to *Colorado River Water Conservation District v. United States*,

2

424 U.S. 800 (1976), is an appealable final order. "[T]he usual rule [is] that a stay is not ordinarily a final decision for purposes of § 1291, since most stays do not put the plaintiff effectively out of court." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 n.11 (1983) (internal quotation marks omitted). An abstention-based stay, however, is appealable under § 1291 where the effect is to deprive parties of a federal forum. *Id.*; *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1102 (9th Cir. 2005). Although, the district court applied *Colorado River* when issuing the temporary stay, *Moses H. Cone* is inapplicable because the parties will not be deprived of a federal forum. The district court clearly foresaw, and indeed intended on issuance, that proceedings would resume after the temporary stay expired.

The stay is also not appealable under the collateral-order exception to § 1291. "To be included among 'the small class of decisions excepted from the final-judgment rule by [*Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949)]' an order 'must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment.'" *Lockyer*, 398 F.3d at 1103 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). Here the district court did not determine any disputed question or resolve any

issue. In fact, it is clear to us that the district court intended to continue the litigation after gauging the progress of the post-judgment proceedings in the Superior Court. Thus, the temporary stay entered here does not fall within the limited class of decisions appealable under the collateral-order exception.

Lastly, the temporary stay is also not appealable pursuant to 28 U.S.C. § 1292 as the parties did not seek permission from the district court under 28 U.S.C. § 1292(b) to permit this interlocutory appeal.

Costs are awarded to the appellees. The appeal is DISMISSED.