NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MIKE BARRY; TRPMOI FAMILY TRUST; ROYAL HOSPITALITY GROUP, INC., doing business as Mirage Hospitality Group, Inc.,

          Plaintiffs - Appellants,

  v.

CITY OF LOS ANGELES, a municipal corporation,

          Defendant - Appellee,

DOES 1-10, inclusive,

          Defendant.

No. 25-1038

D.C. No.
2:24-cv-01189-JAK-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted May 21, 2026[**]
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mike Barry, Trpmoi Family Trust, and Royal Hospitality Group, Inc. (collectively, "Barry") appeal the district court's order dismissing Barry's state-law claims and deferring his federal claims under the abstention doctrine of *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 497 (1941). We have appellate jurisdiction over orders of abstention. 28 U.S.C. § 1291; *Confederated Salish v. Simonich*, 29 F.3d 1398, 1407 (9th Cir. 1994). We review de novo whether the elements for abstention are met and then for abuse of discretion as to the district court's ultimate decision to abstain. *Gearing v. City of Half Moon Bay*, 54 F.4th 1144, 1147 (9th Cir. 2022). We affirm.

A federal court may abstain under the *Pullman* doctrine only if "(1) the case touches on a sensitive area of social policy upon which the federal courts ought not enter unless no alternative to its adjudication is open, (2) constitutional adjudication plainly can be avoided if a definite ruling on the state issue would terminate the controversy, and (3) the proper resolution of the possible determinative issue of state law is uncertain." *Am. Encore v. Fontes*, 152 F.4th 1097, 1122 (9th Cir. 2025).

First, this case involves a sufficiently "sensitive area of social policy" because it arises out of the City of Los Angeles's land-use planning. "We have long held that land use planning is a sensitive area of social policy that meets the first requirement for *Pullman* abstention." *Gearing*, 54 F.4th at 1150 (simplified). For example, we have held a city ordinance was a prototypical example of land-use

planning justifying *Pullman* abstention when it restricted short-term hotel occupancy in favor of long-term residential units. *San Remo Hotel v. City & County of San Francisco*, 145 F.3d 1095, 1105 (9th Cir. 1998). Here, Barry challenges an ordinance that classifies hotel units as either for transient occupants or for residential tenants. Thus, just like in *San Remo Hotel*, Barry's suit touches on land-use planning and meets the first element for *Pullman* abstention.

Second, a federal constitutional issue may be avoided by a definitive state-court ruling because if Barry succeeds on his state-law claim for a writ of mandate, the federal issues in the case will be mooted or narrowed considerably. *See Sinclair Oil Corp. v. County of Santa Barbara*, 96 F.3d 401, 409 (9th Cir. 1996); *Gearing*, 54 F.4th at 1150–51 (holding that this requirement was satisfied where a state-court ruling would "likely narrow the federal litigation"). Barry does not dispute that at least some of his federal claims would be "narrowed" were a state-law writ of mandate granted. For instance, although Barry raises a variety of First, Fourth, Fifth, and Fourteenth Amendment challenges, a favorable state-court resolution would likely moot (at minimum) his as-applied Due Process Clause and Takings Clause challenges. This is sufficient to "narrow" his federal claims were he to return to federal court, even though most of his claims concern the federal Constitution. *See, e.g.*, *Pearl Inv. Co. v. City & County of San Francisco*, 774 F.2d 1460, 1464 (9th Cir. 1985) (holding *Pullman* abstention was appropriate even though the plaintiff

raised no independent state-law claims).

Third, the proper determination of state law is uncertain because whether Barry's hotel can or should be classified as "residential" is a fact-specific inquiry under state law. In land-use cases, because of the "localized and complex nature of land-use regulations," the uncertainty requirement is met when the state-law claims turn on how the challenged policy applies to specific property. *See Gearing*, 54 F.4th at 1151. For instance, in *San Remo Hotel*, the "entire case . . . hinge[d] on the designation of [the plaintiff's] hotel as 'residential,'" an inquiry which necessarily raised difficult questions about conflicting zoning laws and hotel-use ordinances. 145 F.3d at 1105. Here, as in *San Remo Hotel*, Barry's "entire case . . . hinges" on whether the hotel was properly designated a transient hotel and thus similarly meets the third requirement for *Pullman* abstention. *See id*.

Finally, the district court did not abuse its discretion in deciding to abstain. *Pullman* abstention is particularly appropriate in land-use cases. *See, e.g.*, *Kollsman v. City of Los Angeles*, 737 F.2d. 830, 836–37 (9th Cir. 1984) (holding that a district court abused its discretion by *not* abstaining in a case involving a denied application for a permit to build a subdivision which implicated state environmental laws and local ordinances). Because this case involves archetypal issues of land-use policy, there was no abuse of discretion in abstaining.

**AFFIRMED.**

25-1038