**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 3, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PAUL KEITH REYES,

      Plaintiff - Appellant,

v.

UNKNOWN AGENT (Badge 101); E.B. YOUNG; GUY SULLENGER; THE STATE OF NEW MEXICO; MAYOR MARTIN CHAVEZ; JUSTIN E. LEE; BRUCE MINCHOW; LIEUTENANT GONZALES; A. TORRES; J. MILLER; C. MAGEE; A. MEDRANO; BETSY LYNN SNOW; LAURA DAILEY,

      Defendants - Appellees.

Nos. 10-2025, 10-2026, 10-2027
(D. Ct. Nos.
1:09-CV-00069-MCA-WDS;
1:09-CV-01174-WPL-RHS; &
1:09-CV-00512-JCH-RHS)
(D. N. Mex.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In this appeal, we consolidate three pro se lawsuits brought under 42 U.S.C. § 1983 by plaintiff-appellant Paul Keith Reyes. We exercise jurisdiction under 28 U.S.C. § 1291 and AFFIRM the district courts' dismissal of each of these suits.

In appeal No. 10-2025, Mr. Reyes alleges that three officers who were involved in a traffic stop in which Mr. Reyes was cited for driving with a suspended or revoked license, expired insurance, and expired registration, entrapped him and forced him to violate these traffic statutes. The district court concluded that Mr. Reyes's complaint failed to state a claim and was frivolous. Accordingly, the district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e). Having reviewed the briefs, the record, and the applicable law, we agree that Mr. Reyes's complaint is frivolous and AFFIRM the district court's January 13, 2010 order for substantially the same reasons stated therein. We also DENY Mr. Reyes's request to proceed in forma pauperis on appeal.

In appeal No. 10-2026, Mr. Reyes alleges that numerous state actors have consistently prevented him from transacting his business. Additionally, he attempts to bring criminal claims against these state actors. The district court concluded that Mr. Reyes failed to state a claim in his 108-page complaint that is interspersed with irrelevant exhibits and indecipherable arguments. Furthermore, the district court concluded that the complaint was frivolous and dismissed it pursuant to 28 U.S.C. § 1915(e). Having reviewed the briefs, the record, and the applicable law, we agree that Mr. Reyes's complaint is frivolous and AFFIRM the district court's January 14, 2010 order for substantially the same reasons stated therein. We also DENY his request to proceed in

- 2 -

forma pauperis on appeal.

Finally, in appeal No. 10-2027, Mr. Reyes alleges that his constitutional rights were violated when an Arizona child support order was enforced against him in a New Mexico court. Although Mr. Reyes names two state officials as defendants, one from Arizona and one from New Mexico, his complaint seeks $20 million from the two states themselves. Additionally, the complaint requests that the federal district court re-calculate his child support payments. The district court dismissed the complaint for lack of jurisdiction under the Eleventh Amendment, the *Rooker-Feldman* doctrine, and the *Younger* abstention doctrine. Having reviewed the briefs, the record, and the applicable law, we agree that federal jurisdiction is lacking under the Eleventh Amendment because the lawsuit seeks monetary compensation directly from the states of Arizona and New Mexico. *See, e.g.*, *Tarrant Reg'l. Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008) ("The Eleventh Amendment has been interpreted to bar suits against states and state agencies for money damages in federal court."). Furthermore, we agree that Mr. Reyes's claim requesting that a federal court re-calculate his child support obligation is barred by the *Rooker-Feldman* doctrine. *See Bolden v. City of Topeka*, 441 F.3d 1129, 1143 (10th Cir. 2006) ("[T]he type of judicial action barred by *Rooker-Feldman* [] consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law."). Accordingly, we AFFIRM the district court's January 15, 2010 order dismissing Mr. Reyes's complaint. We also DENY his request to proceed in forma pauperis on appeal.

In addition to dismissing each of Mr. Reyes's appeals, we also warn him that his repeated filing of frivolous civil rights lawsuits and appeals may result in the imposition of sanctions and/or filing restrictions against him in this court. "The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (per curiam) (alteration omitted). Indeed, federal courts possess inherent authority "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam).

In appeal Nos. 10-2025 and 10-2026, the district court dismissed Mr. Reyes's complaints as frivolous. Furthermore, in appeal Nos. 10-2026 and 10-2027, the district court warned Mr. Reyes that if he continued to file frivolous civil rights actions he may be subject to sanctions and/or filing restrictions. While we decline at this time to impose filing restrictions against Mr. Reyes, we, like the district courts, admonish him that future frivolous filings and appeals may subject him to sanctions and/or filing restrictions in this court. Mr. Reyes' applications for a certificate of appealability filed in Nos. 10-2025 and 10-2026 are denied as moot.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge

- 4 -