FILED
United States Court of Appeals
Tenth Circuit

May 12, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CARL GENBERG,

Plaintiff-Appellant,

v.

STEVEN S. PORTER, an individual;
JEFFREY SPERBER, an individual; AL
BAUTISTA, an individual; MICHELE
DARNAUD, an individual; CHERYL
HOFFMAN-BRAY, an individual;
PHILIPPE GASTONE, an individual;
MARC REDLICH, an individual,

Defendants-Appellees.

No. 13-1140
(D.C. No. 1:11-CV-02434-WYD-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **McKAY**, and **ANDERSON**, Circuit Judges.

Carl Genberg used to work for Ceragenix Corporation and Ceragenix

Pharmaceuticals. Now he seeks damages from his former employer and its senior

managers, board members, and outside lawyer.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

According to Mr. Genberg's complaint, the trouble began when he came to suspect that Ceragenix broke the law by failing to hold required shareholder meetings.  Mr. Genberg asked his friend, Joseph Salamon, to send a letter to the board of directors raising the issue.  Mr. Salamon agreed and Mr. Genberg drafted an email that Mr. Salamon then sent under his name.  After Ceragenix's board received the email, the directors hired an outside attorney, Marc Redlich, to lead an internal investigation into the allegations.  During his investigation, Mr. Redlich discovered that it was Mr. Genberg who ghost-wrote the letter.  Mr. Redlich concluded that in doing so Mr. Genberg violated his fiduciary duties to the company, and when Mr. Redlich reported this to the board of directors it voted to terminate his employment.  Of course, the board of directors offers a very different account of the relevant events, suggesting it fired Mr. Genberg only after it discovered he was assisting a hostile take-over of the company.

In any event, Mr. Genberg, a lawyer representing himself, filed this wrongful termination lawsuit against individual members of the board of directors; Mr. Redlich; Steven Porter, the company's Chief Executive Officer; and Jeffrey Sperber, its Chief Financial Officer.  Shortly, Mr. Genberg followed up with a motion to compel arbitration on his just-filed claims, a motion aimed at all of the defendants except Mr. Redlich.  Mr. Genberg filed, as well, a separate motion seeking partial summary judgment against Mr. Porter and the other members of the board.  For their part, the defendants replied with motions to dismiss.

In a lengthy order, the district court disposed of all these various motions. The court rejected Mr. Genberg's argument that the individual defendants were parties to his employment agreement and so bound by its arbitration clause to take their dispute to an arbitrator rather than a court. The court then proceeded to dismiss Mr. Genberg's claims against all the defendants save Mr. Porter. With respect to Mr. Porter the court rejected Mr. Genberg's motion for summary judgment, finding that triable questions of fact existed.

Now before us, Mr. Genberg challenges the denial of his motion to compel arbitration and the dismissal of most of his claims. But while there is little doubt we have jurisdiction to review the district court's order to the extent it denied the motion to compel arbitration, *see* 9 U.S.C. § 16(a)(1)(B), the remainder of the district court's order is not otherwise appealable because it fails to resolve "all matters as to all parties and causes of action." *D&H Marketers, Inc. v. Freedom Oil & Gas, Inc.*, 744 F.2d 1443, 1444 (10th Cir. 1984) (en banc). Claims against Mr. Porter remain pending in the district court, and the court has declined to certify its partial dismissal order as a final order under Fed. R. Civ. P. 54(b).

Mr. Genberg responds that his appeal of the district court's order dismissing most of his claims should be considered "pendent" to his appeal from the district court's order denying his motion to compel arbitration. But pendent appellate jurisdiction "is generally disfavored," *Roska ex rel. Roska v. Sneddon*, 437 F.3d 964, 970 (10th Cir. 2006), applying "only where the otherwise nonappealable decision is

- 3 -

inextricably intertwined with the appealable decision, or where review of the nonappealable decision is necessary to ensure meaningful review of the appealable one," *Tarrant Reg'l Water Dist. v. Sevenoaks*, 545 F.3d 906, 915 (10th Cir. 2008).

We are unconvinced that the district court's dismissal order was inextricably intertwined with, or necessary to the meaningful review of, the district court's denial of the motion to compel arbitration. In the first place, because Mr. Redlich wasn't included in the motion to compel arbitration it is difficult to see how our resolution of that motion is "intertwined" with the merits of the claims against him. Besides, and as a more general proposition, whether the employment agreement's arbitration clause bound any of the individual defendants to arbitrate presents a separate and distinct issue easily resolved without discussing the legal merits of Mr. Genberg's claims against them.

Turning to Mr. Genberg's appeal of the district court's denial of his motion to compel arbitration, we discern no reversible error. As the district court noted, "when the requirement to arbitrate is created by an agreement, it can be invoked only by a signatory of the agreement, and only against another signatory." *Smith v. Multi-Fin. Secs. Corp.*, 171 P.3d 1267, 1272 (Colo. App. 2007). In the case before us, it is undisputed that none of the defendant board members signed Mr. Genberg's arbitration-clause-containing employment agreement. And, as Mr. Genberg seems to acknowledge, Mr. Porter did so only in his representative capacity for Ceragenix. *See, e.g.*, *McCarthy v. Azure*, 22 F.3d 351, 361 (1st Cir. 1994) ("It is common ground

that signing an arbitration agreement as agent for a disclosed principal is not sufficient to bind the agent to arbitrate claims against him personally." (internal quotation marks omitted)).

To be sure, Mr. Genberg points out that non-signatories and those signing in a representative capacity for their employers may sometimes "be bound by agreements to arbitrate . . . under principles of agency, incorporation by reference, veil-piercing, assumption or implied conduct, estoppel, successor in interest, and third-party beneficiary." *Smith*, 171 P.3d at 1272. But the district court expressly considered and rejected Mr. Genberg's contention that the defendants here qualified as alter egos of Ceragenix or third-party beneficiaries of his arbitration agreement. On appeal Mr. Genberg doesn't seem to dispute these conclusions so much as contend the defendants should be bound to arbitrate under the alternative theories of agency and estoppel. But he didn't fairly present these legal theories to the district court, that court did not consider them in its ruling, and so under our precedent they are deemed forfeit or waived. *See FDIC v. Noel*, 177 F.3d 911, 915 (10th Cir. 1999).

The district court's order denying Mr. Genberg's motion to compel arbitration is affirmed. The remainder of this appeal is dismissed for lack of jurisdiction.

Entered for the Court


Neil M. Gorsuch
Circuit Judge


- 5 -