FILED
United States Court of Appeals
Tenth Circuit

August 13, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

WISDOM MINISTRIES, INC.,

    Plaintiff - Appellant

v.

ALLISON D. GARRETT,
Chancellor of the Oklahoma State
Regents for Higher Education, in
her official capacity; and
OKLAHOMA STATE REGENTS
FOR HIGHER EDUCATION,

    Defendants - Appellees.

No. 23-5098
(D.C. No. 4:22-CV-00477-CVE-
CDL)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BACHARACH**, and **ROSSMAN**, Circuit Judges.
_____

In this case, the parties disagreed on whether a religious university

could issue specialized degrees without meeting the state's accreditation

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

requirements. The disagreement led to this suit, which the district court dismissed without prejudice for failure to state a valid claim.

The plaintiff, a religious university, asserted federal claims, seeking declaratory and injunctive relief. For two separate reasons, the district court lacked jurisdiction over the federal claims.

First, the plaintiff hasn't identified a statutory basis for federal jurisdiction. Without a statutory basis for jurisdiction, the district court would have needed to dismiss the action without prejudice even if the plaintiff had otherwise stated a valid claim.

Second, the Eleventh Amendment bars some of the federal claims, and the remaining federal claims became moot because the law changed during the pendency of this appeal.

The plaintiff also asserted a state claim for nominal damages. Without a basis for federal jurisdiction, the district court should have declined supplemental jurisdiction. Even if jurisdiction were otherwise proper, however, the Eleventh Amendment would have prevented jurisdiction to issue nominal damages.

### Background

1.  **The Oklahoma State Regents for Higher Education required Wisdom University to stop issuing degrees in *Biblical Wisdom*.**

The plaintiff, Wisdom Ministries, Inc., operates Wisdom University, a religious university. The university offered degrees in *Biblical Wisdom*,

but hadn't obtained accreditation under Oklahoma law. Given the lack of accreditation, the Oklahoma State Regents for Higher Education required Wisdom Ministries to stop issuing degrees. *See* Okla. Stat. tit. 70, §§ 4103(B), 4104 (2021). Wisdom Ministries sued the State Regents and their Chancellor in her official capacity, alleging violation of

- the First Amendment and

- the Oklahoma Religious Freedom Act.[1]

The district court dismissed the suit without prejudice. Wisdom Ministries appealed, challenging dismissal of these claims.

## 2.    A new Oklahoma law allows Wisdom University to issue degrees in *Biblical Wisdom*.

During the pendency of the appeal, Oklahoma enacted a law allowing religious institutions to grant specialized degrees. *See* 2024 Okla. Sess. Law Serv. ch. 117 (West). The new law took effect on April 23, 2024. *See id.* § 3.[2] The parties agree that under the new law, Wisdom University can issue degrees in *Biblical Wisdom*.

---

[1]    Wisdom Ministries also claimed a denial of equal protection and violations of the state constitution. But Wisdom Ministries doesn't challenge the rulings on these claims.

[2]    The Act is on unclear on its effective date, stating both that it

- took effect immediately upon the Governor's signature (April 23, 2024) and

- would take effect on July 1, 2024.

3

**Analysis**

**1.    Federal claims for declaratory and injunctive relief**

In the complaint, Wisdom Ministries didn't identify the underlying cause of action for the federal claims. In supplemental briefs, however, Wisdom Ministries says that it's bringing all of the federal claims under 28 U.S.C. § 2201, which governs proceedings for declaratory relief. Invoking this section, Wisdom Ministries seeks a declaratory judgment and an injunction.

The district court addressed the merits of these claims. But we must ensure that jurisdiction existed in district court and on appeal. *See Fancher v. Barrientos*, 723 F.3d 1191, 1198 n.2 (10th Cir. 2013) ("This court has an independent obligation to ensure it has subject matter jurisdiction at every stage of the litigation.").

**a.    Statutory vehicle for the constitutional claims**

The federal claims involve violation of the First Amendment. Before a court can consider these claims, however, the plaintiff bears the burden to identify a proper basis for jurisdiction. *Atlas Biologicals, Inc. v. Kutrubes*, 50 F.4th 1307, 1322 (10th Cir. 2022); *see also Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008) ("The burden of

---

*Compare* 2024 Okla. Sess. Law Serv. ch. 117, § 2 (West), *with id.* § 3. The parties agree that the law allowed Wisdom Ministries to start issuing degrees on April 23, 2024.

4

establishing subject matter jurisdiction is on the party asserting jurisdiction.").

For constitutional violations, 42 U.S.C. § 1983 provides the usual statutory vehicle for constitutional claims against state actors. *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995). But Wisdom Ministries disavows reliance on § 1983, basing jurisdiction on the declaratory-judgment statute (28 U.S.C. § 2201). But § 2201 is not a jurisdictional statute. *Schulke v. United States*, 544 F.2d 453, 455 (10th Cir. 1976) (per curiam). So Wisdom Ministries must rely on some other jurisdictional basis for the federal claims. *Id.*; *see also Hanson v. Wyatt*, 552 F.3d 1148, 1157 (10th Cir. 2008) ("The Declaratory Judgment Act does not create substantive rights." (quoting *Farmers All. Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1385 (10th Cir. 1978)) (cleaned up)). Wisdom Ministries hasn't identified any other statutory vehicle for the federal claims, and we're "not obliged 'to conjure up possible theories'" for jurisdiction. *Atlas Biologicals, Inc. v. Kutrubes*, 50 F.4th 1307, 1322 (10th Cir. 2022) (quoting *Raley v. Hyundai Motor Co., Ltd.*, 642 F.3d 1271, 1275 (10th Cir. 2011)).

We conclude that Wisdom Ministries didn't satisfy its burden because it failed to identify a statutory basis for federal jurisdiction.

b.     **Claims against the State Regents**

Apart from Wisdom Ministries' failure to identify a statutory basis for jurisdiction, the Eleventh Amendment prevented jurisdiction over the

5

State Regents on the federal claims. *See Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019) (stating that we can consider the Eleventh Amendment sua sponte). This amendment applies to claims against all state agencies, regardless of the relief sought. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). And the Oklahoma State Regents for Higher Education is a state agency. *See* Okla. Const. art. XIII-A, § 2 (creating the Oklahoma State Regents for Higher Education); *see also In re Okla. Capitol Imp. Auth.*, 80 P.3d 109, 118 (Okla. 2003) (referring to the Oklahoma State Regents as a state agency). As a result, the State Regents enjoy Eleventh Amendment immunity and can't be sued in federal court. *See Tarrant Reg. Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008). This immunity prevented the federal district court from exercising jurisdiction over the State Regents.

**c.      Claims against the Chancellor in her official capacity**

Wisdom Ministries also asserted federal claims against the Chancellor in her official capacity. This claim is effectively against the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). So the Chancellor in her official capacity generally enjoys Eleventh

Amendment immunity on claims involving declaratory relief[3] and retrospective injunctive relief.[4]

Granted, the Eleventh Amendment doesn't apply to the claims for prospective declaratory and injunctive relief for an ongoing violation of federal law. *See Fowler v. Stitt*, 104 F.4th 770, 775, 781–83 (10th Cir. 2024) (injunction); *Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 632 (10th Cir. 1998) (declaratory judgment). For these claims, however, we must consider whether Wisdom Ministries' appellate arguments have become moot in light of the change in Oklahoma law. *See Chihuahuan Grassland All. v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008).

When the law changes, "litigation under the old law generally becomes moot." *N. Nat. Gas Co. v. Grounds*, 931 F.2d 678, 684 (10th Cir. 1991). So the appellate argument for a prospective declaration or injunction would become moot if the new law provides the same relief that Wisdom Ministries hopes to get through litigation. *See Fleming v. Gutierrez*, 785 F.3d 442, 445 (10th Cir. 2015).

Under the new Oklahoma law, Wisdom Ministries can issue degrees in *Biblical Wisdom. See* 2024 Okla. Sess. Law Serv. Ch. 117 (West).

---

[3]    *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007).

[4]    *Muscogee (Creek) Nat. v. Okla. Tax Comm'n*, 611 F.3d 1222, 1233 (10th Cir. 2010).

Despite the change in Oklahoma law, Wisdom Ministries argues that it seeks to award degrees to students who graduated when the old law was in effect. But the Chancellor acknowledges that the new law entitles Wisdom Ministries to award degrees to students regardless of their graduation dates.

Wisdom Ministries questions this acknowledgment, but must show a realistic danger that state authorities will initiate an enforcement action under the new law. *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). Wisdom Ministries hasn't made that showing. The Chancellor's attorney has represented to us that the new law allows religious universities to issue specialized degrees to students who had graduated before the effective date of the new law, and Wisdom Ministries doesn't explain how the new law would restrict the granting of future degrees based on a student's graduation date. In these circumstances, a prospective declaration or injunction would not give any authority to Wisdom Ministries that it doesn't already have under the new law.

## 2.    Claim under state law

The district court exercised supplemental jurisdiction over Wisdom Ministries' state claim, rejecting it on the merits. But the court shouldn't have exercised jurisdiction over the state claim.

When jurisdiction exists on a federal claim, the court generally has discretion to exercise jurisdiction over related state-claims. *United Mine*

*Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). To exercise jurisdiction over the state claim, however, the district court must have jurisdiction over at least one federal claim. *Estate of Harshman v. Jackson Hole Mtn. Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004).

As noted above, Wisdom Ministries hasn't articulated a basis for jurisdiction over the federal claims. *See* Analysis–Part 1(a), above. The district court apparently assumed that Wisdom Ministries was basing jurisdiction on 42 U.S.C. § 1983. But Wisdom Ministries disavows reliance on § 1983, relying solely on the declaratory-judgment statute (28 U.S.C. § 2201). *See* Analysis–Part 1(a), above. But this statute doesn't provide an independent basis for federal jurisdiction. *See* Analysis–Part 1(a), above. Without federal jurisdiction, the district court had no basis to exercise supplemental jurisdiction over the state claim.

Even if the district court had jurisdiction over a federal claim, however, the Eleventh Amendment would have prevented jurisdiction over the state claim. The Eleventh Amendment applies not only to federal claims, but also to state claims. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 122 (1984).

Granted, a state can waive the Eleventh Amendment. *E.g.*, *In re Innes*, 184 F.3d 1275, 1278 (10th Cir. 1999). But waiver requires the state to forgo immunity expressly or through language that leaves no other

reasonable interpretation. *Levy v. Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1170 (10th Cir. 2015).

No such intent is apparent here. State law does say that a governmental entity can be sued under the Oklahoma Religious Freedom Act. Okla. Stat. tit. 51, § 256(A) (2021). But "[a] State does not waive its Eleventh Amendment immunity by consenting to suit only in its own courts, and '[t]hus, in order for a state statute . . . to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court*.'" *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 306 (1990) (citation omitted).

The state law allows suit against a governmental entity, but doesn't say that the suit could proceed in federal court. In the absence of such a statement, the Eleventh Amendment immunizes the State from federal litigation brought under the Oklahoma Religious Freedom Act. *See In re Innes*, 184 F.3d 1275, 1278–79 (10th Cir. 1999) (concluding that Kansas's statutory consent to suit in state court did not waive Eleventh Amendment immunity); *Griess v. Colorado*, 841 F.2d 1042, 1044 (10th Cir. 1988) (concluding that Colorado's "general waiver of sovereign immunity, apparently indeterminate in its scope or locus of effect, [is] insufficient" to "constitute abandonment of its Eleventh Amendment immunity in the federal courts"). So the Eleventh Amendment prevented jurisdiction over the state claim.

10

## Conclusion

On each set of claims, the district court lacked jurisdiction or the appeal became moot. We thus affirm the dismissal without prejudice.[5]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[5] Wisdom Ministries asserts that it "needs th[e] [c]ourt's judgment in order to recover its attorneys' fees." Appellant's Supp. Br. at 1. But the court can't base jurisdiction solely on a request for attorneys' fees. *Fleming v. Gutierrez*, 785 F.3d 442, 448 (10th Cir. 2015).